UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Richard Butterfield**

    v.                                    Civil No. 16-cv-348-PB
                                              Opinion No. 2017 DNH 054
**Deutsche Bank National Trust**

MEMORANDUM AND ORDER

Richard Butterfield filed this action in an attempt to undo
a foreclosure sale on a property he once owned in Rochester, New
Hampshire.  He has sued Deutsche Bank National Trust Company in
its capacity as trustee for the trust that currently owns the
property.  He seeks both damages and injunctive relief and
asserts claims for wrongful foreclosure, breach of contract, and
lack of power and authority to foreclose.

Deutsche Bank has filed a motion to dismiss for failure to
state a claim.

I.   BACKGROUND[1]

Butterfield took title to a residential property located at

---

[1]  I draw the facts from the amended complaint (doc. no. 11) and
documents referenced in the pleadings that a court may consider
when ruling on a motion to dismiss.  See Plumbers' Union Local
No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d
762, 771 (1st Cir. 2011).  The facts are construed in the light
most favorable to Butterfield.  Id.

9 Norman Street in Rochester, New Hampshire on February 23, 2001.
On February 13, 2007, he refinanced his mortgage with a loan
from Chase Bank, USA.  On or about March 6, 2013, Chase assigned
the mortgage to Deutsche Bank as trustee for the J.P. Morgan
Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series
2007-CH5 trust.

Deutsche Bank foreclosed on the property on December 1,
2015.  It filed a foreclosure deed on February 26, 2016.  An
affidavit was filed with the foreclosure deed as is required by
N.H. Rev. Stat. Ann. § 479:26.  Among other things, the
affidavit asserts that:  (1) Butterfield failed to make payments
required under the mortgage; (2) timely notice of the
foreclosure sale was sent by certified mail to Butterfield's
home address; (3) the original foreclosure sale was continued by
public proclamation until December 1, 2015; and (4) the property
was sold to Deutsche Bank at auction as the highest bidder on
December 1, 2015.  Although notice of the foreclosure sale was
sent to Butterfield by certified mail, he did not receive it.

Butterfield asserts three claims for relief.  Count I,
which is styled as a claim for wrongful foreclosure, contends
that the foreclosure sale is void because Butterfield did not
receive the advance notice of the impending foreclosure that is
required by N.H. Rev. Stat. Ann. § 479:25 ("RSA 479:25").  Count

II alleges that Deutsche Bank is liable for breach of contract because it failed to comply with the notice of default requirements described in paragraph 22 of the mortgage.  Count III asserts that Deutsche Bank lacked the power to foreclose because Chase's assignments of the note and mortgage were improper.  Deutsche Bank argues in its motion to dismiss that Count I fails to state a claim for relief and that the remaining claims are barred by RSA 479:25 because they were not brought prior to the foreclosure sale.

When a lender seeks to foreclose a mortgage pursuant to a power of sale in New Hampshire, it must satisfy the publication and notice requirements of RSA 479:25.  If the lender satisfies these requirements, the borrower ordinarily loses the right to challenge the validity of the foreclosure sale unless he files a petition to enjoin the foreclosure sale before it occurs.  Id.

Butterfield claims in Count I that the foreclosure sale is void because he did not receive "personal notice" of the foreclosure.  This argument is based on a misreading of RSA 479:25, which permits a lender to notify a borrower of a foreclosure sale either by serving the foreclosure notice on the borrower or by sending the notice to the borrower's last known address.  As the New Hampshire Supreme Court has recognized, the statute does not entitle a borrower to actual notice of the

foreclosure sale.  See Dugan v. Manchester Fed. Sav. & Loan Ass'n, 92 N.H. 44 (1942) (construing P.L. Ch. 215 § 23).[2] Butterfield does not claim that Deutsche Bank failed to send him the notice required by the statute and he does not challenge Deutsche Bank's contention in the affidavit it filed with the foreclosure deed pursuant to N.H. Rev. State. Ann. § 479:26 that proper notice was sent.  Accordingly, Count I of the amended complaint fails to state a viable claim for relief.

Counts II and III of the Amended Complaint challenge the validity of the foreclosure process.  Because these claims were not brought prior to the foreclosure sale, they are barred by RSA 479:25.[3]  See The Bank of New York Mellon as Trustee v. Dowgiert, 145 A.2d 138, 142 (N.H. 2016).

---

[2] Butterfield's reliance on Snyder v. New Hampshire Sav. Bank, 134 N.H. 32, 37 (1991) is misplaced.  Snyder merely recognizes that an owner of a mortgaged premises is entitled to the notice required by the statute.  The term "personal notice" is used in the opinion merely to distinguish notice by service or mail, which an owner is entitled to, from the general notice of a foreclosure that is provided through publication.  The opinion does not hold that a foreclosure notice is invalid unless it is received.

[3] A borrower's breach of fiduciary duty claim for damages need not be brought prior to the foreclosure sale.  Dugan, 92 N.H. at 44.  Butterfield, however, does not present a breach of fiduciary duty claim.

Deutsche Bank's motion to dismiss (doc. no. 14) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 21, 2017

cc:   Stephen T. Martin, Esq.
      William P. Breen, Esq.